UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| CHRISTINE T. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-260 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| UNITED STATES PATENT AND TRADEMARK OFFICE, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |
| CHRISTINE T. SMITH, | ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-261 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHIGAN WORKS, | ) ) | |
| Defendant. | ) ) | |
| CHRISTINE T. SMITH, | ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-262 |
| | ) | |
| v. | ) | |
| | ) | |
| MATTELL, INC., | ) | |
| Defendant. | ) ) | **OPINION** |

|  |  |  |
|---|---|---|
| CHRISTINE T. SMITH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:09-cv-263 |
| v. | ) ) ) | |
| PRESSMAN BOARD, | ) ) ) | |
| Defendant. | ) ) | |
| CHRISTINE T. SMITH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:09-cv-264 |
| v. | ) ) ) | |
| MGA/YUM YUM LAND, | ) ) ) | |
| Defendant. | ) ) | |
| CHRISTINE T. SMITH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:09-cv-265 |
| v. | ) ) ) | |
| SIEGEL JEWELERS, | ) ) ) | |
| Defendant. | ) ) | |

|  |  |  |
|---|---|---|
| CHRISTINE T. SMITH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:09-cv-267 |
| v. | ) ) | |
| OFF VOLGES, | ) ) ) | |
| Defendant. | ) ) | |
| CHRISTINE T. SMITH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:09-cv-268 |
| v. | ) ) | |
| CHARTER COMMUNICATIONS, | ) ) ) | |
| Defendant. | ) ) | |

The eight captioned cases are each civil actions brought by a *pro se* plaintiff. Plaintiff Christine T. Smith is an individual residing in Cedar Springs, Michigan. On April 27, 2009, plaintiff initiated eight separate civil actions against defendants as disparate as the United States Patent and Trademark Office, Mattell, Inc., and Charter Communications. The complaints contain no statement of the court's jurisdiction and often set forth no clear request for relief. The body of each complaint generally sets forth a stream-of-consciousness string of sentence fragments that does not clearly invoke any recognized cause of action that may be maintained in the federal courts.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, P<small>UB</small>. L. No. 104-134, 110 S<small>TAT</small>. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1876 (2008). The court need not accept as true legal conclusions or unwarranted factual inferences. *DirecTV*, 487 F.3d at 476. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations

respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

A brief summary of the allegations of each complaint follows, along with the reasons for the court's conclusion that each complaint is frivolous, fails to state a claim, or is brought against a clearly immune defendant.

***Smith v. United States Patent and Trademark Office* - case no. 1:09-cv-260**. In this action, plaintiff apparently seeks a subpoena against the United States Patent and Trademark Office for information covering the time period 1944 through April 2009. Plaintiff alleges that the originals of some unidentified documents have been stolen from her house, despite the existence of no-trespassing signs, and apparently believes that the United States Patent and Trademark Office had something to do with it. The United States Patent and Trademark Office is established by act of Congress as an agency of the United States within the Department of Commerce. 35 U.S.C. § 1(a). The United States and its agencies are immune from suit unless Congress has abrogated this immunity by consenting to suit. *See Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Plaintiff has not presented any basis upon which the court could conclude that Congress has consented to suit against the Patent and Trademark Office on the amorphous claim set forth in the complaint. This case must therefore be dismissed on the ground that it is brought against a clearly immune defendant.

***Smith v. Michigan Works* - case no. 1:09-cv-261**. The defendant denominated as "Michigan Works" in plaintiff's complaint is not a separate legal entity. Rather, Michigan Works

is a program of the State of Michigan's Department of Career Development. The formal name for the program is "Michigan Works! Service Center System." The Michigan Works' system is a unified workforce development system designed to assist unemployed workers in the State of Michigan. Plaintiff's complaint alleges that she has been registered with Michigan Works since 2003, but that the agency has no record of her registration. She complains that the agency unreasonably insisted that she redo her application form, and she generally believes that the agency is not doing enough for her. The states and their agencies are immune from suit in the federal courts. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Furthermore, a program of the State of Michigan is not a "person" amenable to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's action against Michigan Works must be dismissed on these dual grounds.

***Smith v. Mattell, Inc.* - case no. 1:09-cv-262**. The court presumes that the defendant in this matter is Mattell, Inc., the toy manufacturer. The nature of plaintiff's claim against Mattell is completely unclear. Plaintiff's complaint contains the words "identity theft," "copyright," "trademark," and "intellectual property," but the complaint contains no statement of facts that would remotely suggest the existence of a cause of action under any of these theories. Plaintiff comes closest to seeking relief by asserting that she "would like my copyright and my percentage check notarized, and FDIC check, because this nonsense is going to continue." The Supreme Court has held that a complaint must set forth sufficient facts to at least suggest the existence of a recognized cause of action. *See Twombly*, 550 U.S. at 555. Plaintiff's complaint against Mattell, Inc. fails to

meet this minimum requirement and must therefore be dismissed for failure to state a claim upon which relief can be granted.

***Smith v. Pressman Board* - case no. 1:09-cv-263**. Plaintiff identifies Pressman Board as a New York corporation. She apparently seeks to invoke the court's diversity jurisdiction. Again, the complaint contains words such as "trademark," "patent," and "intellectual property." The one-page complaint, however, is utterly unintelligible and sets forth no facts that would sustain a claim for abridgement of federal or state-created rights in any of these areas.

***Smith v. MGA/Yum Yum Land* - case no. 1:09-cv-264.** The defendant in this case is apparently MGA Entertainment, Inc., a toy manufacturer located in Van Nuys, California. In her complaint, plaintiff seeks a subpoena for the "fiscal profit reports" of MGA for the past 144 quarters. The fact that plaintiff's complaint mentions the words "intellectual property" leads the court to believe that plaintiff seeks to assert some proprietary interest in one or more of the products of MGA Entertainment, but this is only a surmise based on the virtually incomprehensible sentence fragments contained in the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must at least provide a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Plaintiff's complaint in this case does not meet this basic pleading requirement and therefore fails to state a claim upon which relief can be granted.

***Smith v. Siegel Jewelers* - case no. 1:09-cv-265**. Plaintiff's claim in this case is brought against Siegel Jewelers, a jewelry store located in Kentwood, Michigan. It is impossible to

discern, or even guess at, the nature of plaintiff's complaint against the jewelry store. Attached to the complaint is a notice from the Patent and Trademark Office rejecting a patent application apparently submitted by plaintiff in September 2007. This attachment bears no apparent relationship to Siegel Jewelers. Plaintiff has scribbled comments on the PTO notice, but those comments are of no help in clarifying the nature of her claim against Siegel Jewelers. The court confidently concludes that the complaint sets forth no conceivable cause of action against Siegel Jewelers under state or federal law.

***Smith v. Off Volges*** **- case no. 1:09-cv-267**. The defendant in this case, identified as Off Volges, is apparently a car mechanic who worked on plaintiff's vehicle, charging her $680.00. Plaintiff is apparently unsatisfied with the mechanic's work. Plaintiff has not identified any basis for federal district court jurisdiction over this matter. Plaintiff's complaint does not allege a claim arising under the federal Constitution or laws, such that federal question jurisdiction can be invoked, 28 U.S.C. § 1331, nor has she alleged the requisite diversity of citizenship and amount in controversy to support diversity jurisdiction, 28 U.S.C. § 1332. This case must therefore be dismissed for lack of subject-matter jurisdiction.

***Smith v. Charter Communications*** **- case no. 1:09-cv-268**. The defendant in this case is Charter Communications, a provider of cable and telephone services. Plaintiff's complaint indicates that plaintiff is unsatisfied with her service from Charter Communications and wants her land line changed. Again, the complaint, even construed with the utmost liberality, contains no basis upon which this court could exercise federal question or diversity jurisdiction over plaintiff's claim.

**Conclusion**

Having thoroughly reviewed each of plaintiff's complaints, the court concludes that all eight complaints must be dismissed, for lack of jurisdiction, failure to state a claim upon which relief can be granted, or on grounds of immunity. The court further concludes that plaintiff's submission of such facially meritless lawsuits constitutes an abuse of the *in forma pauperis* privilege. Plaintiff has brought at least one previous case in this court that was summarily dismissed. *See Smith v. Unknown Parties*, case no. 1:08-cv-335. Plaintiff is warned that any future submission of patently meritless lawsuits may result in the court's revocation of her privilege to proceed *in forma pauperis*.

Finally, the court concludes that any appeal of the dismissal of the captioned cases would be frivolous and therefore brought in bad faith within the meaning of 28 U.S.C. § 1915(a)(3). Therefore, if plaintiff wishes to appeal, she must pay the filing fee in each case appealed.

Dated: May 4, 2009                                /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE